## DONG YOU, ET AL. *v.* WING HING COMPANY, LIMITED.

### No. 839.

MOTION FOR SUMMARY JUDGMENT.

ARGUED OCTOBER 25, 1915.                    DECIDED OCTOBER 26, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

*Per curiam.* December 5, 1914, the plaintiffs recovered a judgment against the defendant for $1,901.41 and $184.09 costs. From said judgment defendant sued out a writ of error in this court. The case having been argued and submitted, the opinion of this court affirming the said judgment was filed July 12, 1915, and in accordance therewith the judgment of this court affirming the judgment of the circuit court was entered on the 27th day of July, 1915, and notice of said judgment was regularly transmitted to the judge

of the circuit court on the same day. September 29, 1915, the plaintiffs filed their motion for judgment upon the bond given by the defendant (both against the principal and sureties) to procure the writ of error out of this court for the amount of said judgment and costs, less $1,500 paid thereon after the affirmance of said judgment, and this motion has been argued and submitted and is now before us for decision. The plaintiffs base their right to summary judgment upon said bond against the principal and sureties by reason of the provisions of section 2544 R.L., wherein it is provided that "Summary judgment may be rendered in any proper case * · * * against the principal or principals and surety or sureties on any bond for costs or appeal bond, by either the appellate court or the trial court as the case may be," etc. This statute was enacted in 1907 (see Act 63, S. L. 1907), the title reading: "Relating to Costs of Court." Section 2538 R.L., under the title "Appeals, Exceptions, Error," provides that "Whenever any person for whose benefit such bond has been filed shall be entitled to a recovery thereunder, an action may be brought in the appropriate court," etc. Section 2544 R.L., originally enacted under the said title, is found in the Revised Laws in chapter 143, entitled "Costs." We construe section 2544 as providing a remedy upon bonds for costs only. We are of the opinion that the legislature did not intend to provide for a summary judgment against the sureties in a bond of the kind before us, but that an action should be brought thereon wherein the sureties might avail themselves of any defense which might exist. This construction gives to section 2538 the full effect which the legislature apparently intended that it should have, and gives to section 2544 that effect which the legislature evidently intended it should have. The motion of the plaintiffs for summary judgment against the principal and sureties is therefore denied. If the plaintiffs were entitled to

the relief sought by this motion the circuit court would be the appropriate court in which to make the motion.

Motion denied with costs of motion to the defendant.